*531 OPINION of the Court, by
Ch. J. Bibb.
On the 20th of December, 1808, Clark presented for registration a plat and description of a survey, purporting to have been made in Fayette, on the 22d of March, 1784. To which was annexed these certificates.
“ August 19ch, 1808 — On the day of the date of the foregoing plat, I, being then a deputy surveyor for Thomas Marshall, then surveyor of Fayette county, did make the above survey, together with another of 4829 acres, heretofore returned, made on the same entry.
“THOMAS ALLEN.”
“ The above is recorded in my office in book F. page 28 ; and I do hereby certify that the warrants on which the above survey calls for cannot be found in my office, and suppose, if not returned with the former survey, *532 must be lost or mislaid. Given undfer my hand, thi-⅜ 1st December, 1808.
“RICHARD HIGGINS, s. f, c ”
The register of the land office refused to receive this plat and certificate, endorsing thereon, as his reason, “the inofficial manner in which it is certified by the surveyor thereof.” Clark obtained a mandamus in the alternative to the register ; who returned for cause the reason assigned in his endorse menr, and that it was suggested to him that the lines were run for the purpose of platting out the land, otherwise it would have been properly certified at the lime of making the survey, and that being the reason of making it, the surveyor would not certify it in the usual manner. Upon this return the circuit court of Franklin granted a peremptory mandamus ; from which the attorney general appealed, according to the statute in such cases made and provided.
An objection was made to the jurisdiction of this court to sustain the appeal; but to do the counsel for Clark justice, he but modestly touched upon that subject. The statute (a) provides that in cases of mandamus, “ where the rights, interests or claims of the commonwealth may be involved or implicated,” if in the opinion of the attorney general such rights, interests or claims are injured or impaired by the decision, he shall take an appeal. If it were conceded that Clark derived an inchoate right to the land in question by the entry alluded to, under the state of Virginia, the grantor of the warrant, yet the time for making surveys upon such warrants and entries expired on the first day of September, 1793. If the plat and the certifeates thereon cannot be received as legal evidence of a survey, then, for want of a compliance with the rules and requisitions of the law establishing the land office, the right must remain in this commonwealth, for want of a survey within the time prescribed. Her rights, interest and claim to the land is implicated in the question whether the register shall be compelled to receive and register the claim of Clark.
The first question which arises upon the register’s return is, whether the plat and certificates offered amount to legal evidence of a survey made in 1784 ; not whether a survey made in 1784-is forfeited because it was not recorded in three months. The latter question was *533 properly deckled in the case £f Hickman vs. Boffman's heirs, (a) cited by the counsel ior the appellee, .But in that case, the proper surveyor had, whilst in office, received and certified the survey made by his deputy, as, recorded by him, and a grant had issued to Hickman. The present question turns upon the authority of a deputy to certify a plat and courses of a survey, after he himself is out of office, and after his principal is out of office.
By the act of 1779, establishing the land office, the principal surveyor was made responsible for the acts of his deputies, and so the law has stood ever since. Both principal and deputy surveyors v/ere to take an oath before they entered upon the duties of their office ; which oath was intended as a sanction to their official certificates. which are to be received as evidence of the facts certified, provided those facts fall within the limits of their respective duties and offices.
But a su; vevor out of office, and certifying a matter not untier the sanction of his former oath of office, is entitled to no more credit than if any other private individual should certify the same thing. It is the trust and confidence reposed by law in the officer, and the sanction of tiie law, which gives credence to the officer’s certificate. When he is no longer the officer, the credit Cue to his certificate, made after he ceased to be an officer, is gone. If the law recognizes any act of the office r after he is discharged from office, it is by considering him, as to that act, yet an officer under the sanction of his office, and liable for the abuse of it. The general rule is, that the power of an officer ceases with his office. Those acts which, in some cases, an officer may do after he is discharged from office, are recognized as lawful from the necessity of the case, or from the great inconvenience which would otherwise arise. These form exceptions to the general rule, and are, for the most part, specially authorised by statute. But in such cases, it is required that the acts be done in convenient time.
There is no statute providing for the case where a deputy has made a survey and his principal goes out of office before it is examined and approved. But the counsel for the appellee would infer that the certificate of the deputy ought to be received, by reasoning from *534 analogy to certain acts which sheriffs may do after they» are discharged from office. Arguments drawn from that source will not bear him out in the present case. The power of sheriffs to finish, after the expiration of their terms of office, the collections of certain dues and fees put into their hands during their office, is given by express statute, and for this they are allowed only three years from the expiration of their term of office.
The ease of an execution levied before the discharge of the sheriff, and the power of the sheriff to do execution at common law notwithstanding his discharge from office, is maintained upon two grounds : 1st. that art execution is an entire thing, and he who begins it must end it; 2dly. that his authority to do so continues by virtue of the writ of execution. But if he hath not levied the execution, then he cannot proceed after notice of his discharge. But writs of other kinds executed by the old sheriff, are to be returned by him, or in his name, and endorsed by the new sheriff — Dalt. sher. 18; see form of the return. If the old sheriff, after his discharge, make a warrant or precept to any of his late bailiffs or officers to arrest another, and by virtue thereof they do arrest him, an action of false imprisonment will lie against both the sheriff and officer. So where the old sheriff returned the proclamation upon an exigent after he was discharged of his office, it was adjudged that the outlawry was void — Bac. Ab. title sheriff, (I.) cites Dyer 41, Dalt. sh. 18. So far as the case of the sheriff can have any analogy to the present, the cases cited seem to be opposed to the receipt of the certificate made by Thomas Allen as evidence of his having made a survey whilst a deputy surveyor.
But the statute does not authorise the certificate of the deputy surveyor to be received as evidence of the survey even during the continuance of his principal in office. The deputy may make the survey and return it to his principal, who is to examine and try it: if approved, the principal is to record it, and within a competent time to deliver it to the owner. When approv--ed and recorded, it becomes a survey of the day on which it was made, according to the decision in Hickman vs. Boffman’s heirs. Any act which amounted to an approbation and confirmation of the act of th© deputy would be sufficient, as by countersigning and *535 Recording. But the statute does not contemplate the act of the deputy as completing the survey. It would otherwise have been very unreasonable to make the principal answerable for his deputies, as the statute positively declares they shall be — (See Litt. E. L. K. 1 vol. p. 409 and 412.) It would be still more unreasonable to charge the surveyor, at the distance of fifteen or twenty years, bv the certificate of his deputy, made long after both had ceased to be officers, and when the principal could no longer have any control over the plat and certificate returned by the deputy, however illegal in its proportions, or variant from the entry, or unau-thorised by the warrant. The interest of the surveyor was not the principal object regarded by the act of assembly, which required the principal to examine and try the survey of his deputy ; the interest of the state, and of every individual claiming under the state, was consulted in the provision. The principal surveyor was, to a certain extent, to be the protector of the rights of the commonwealth and of the individual claimants. He was to watch the interest of the commonwealth against unwarranted surveys, and the interest of individuals by guarding against fraudulent or illegal surveys, made variant from the respective entries, and thereby encroaching upon, or unjustly interfering with the adjacent claims. But where is that check upon the deputy, or those wdio employ him, if at any period of time be can, by his bare certificate, without the sanction of his oath of office, and when his principal is no longer in office or in being, make a survey to invade the adjacent claims of others, or the rights of the commonwealth ? If his certificate will do, without the approbation of his principal, at the distance of fifteen or twenty years after the principal is discharged of his office, why not at the distance of fifty ? There must be some end, some limitation; and we know of none better than the general rule before mentioned, that the certificate of an officer must be contemporaneous with his office; unless in cases otherwise expressly provided by the legislature. It is in vain for the legislature to create responsibilities in officers, if their powers are to continue indefinitely beyond the periods of their continuance in office.
*536 Upon the whole, as the plat and description of stir-vey is not certified by a deputy whilst in office, not? countersigned, approved or Subscribed by his principal whilst in office 5 it seems to this court that these defects alone, without adverting to other considerations growing out of the description contained in the face of the survey, well warranted the register in rejecting the plat and certificate ; and therefore that the register’s return to the mandamus ought to have been allowed as sufficient. — —Judgment reversed.

 Litt. L.K. 2 vol. p.226.

 Har. 548.